UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
AMRITA SEWKUMAR, :
: Docket No. 2:14-cv-06149
Plaintiff, :
:
-against- :
: **DEFENDANT BANK OF**
BANK OF AMERICA, N.A. : **AMERICA, N.A.'S ANSWER**
: **AND AFFIRMATIVE**
: **DEFENSES**
Defendant. :
---------------------------------------------------------------X

Bank of America, N.A. ("Defendant" or "Bank") hereby responds to the allegations of the First Amended Complaint ("Complaint") of Amrita Sewkumar ("Plaintiff" or "Sewkumar"), as follows:

**PRELIMINARY STATEMENT**

1. Defendant admits it employed Plaintiff in the position of Sales & Service Specialist ("SSS") during the period from on or around October 16, 2007 until on or around December 3, 2013 and that it first employed her on or around December 18, 2006 in the position of Teller. Defendant admits that Plaintiff purports to bring this action for damages related to her employment with Defendant under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and under the New York State Human Rights Law, N.Y.S. EXEC. LAW, Art. 15 § 296 ("NYSHRL"). Defendant denies liability under Section 1981 and under the NYSHRL. Except as expressly admitted, Defendant denies the allegations of Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 2 states allegations of fact, Defendant denies such factual allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 2 states allegations of fact, Defendant denies such factual allegations of Paragraph 3 of the Complaint.

4. Defendant admits that it employed Plaintiff in Nassau County, New York during her employment, which is within the Eastern District of New York of the United States District Court, and therefore admits that venue in the Eastern District of New York of the United States District Court is proper. Except as expressly admitted, Defendant denies the allegations of Paragraph 4 of the Complaint.

## TRIAL BY JURY

5. Defendant objects to trial by jury except as to those claims so triable and for which Plaintiff has made a timely demand for jury trial.

## PARTIES

6. Upon information and belief, Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits that it is a national bank association under the laws of the United States and has a principal place of business and headquarters at 100 N. Tryon St., Charlotte, North Carolina. Except as expressly admitted, Defendant denies the allegation of Paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8. Defendant admits that at or about the time of hire, Plaintiff self-identified as "Hispanic – All persons of Mexican, Puerto Rican, Cuban, Central or South American or Spanish origin regardless of race." Defendant lacks knowledge or information sufficient to

either admit or deny the remaining allegations of Paragraph 8 of the Complaint and therefore denies them.

9. Defendant admits it hired Plaintiff as a Teller effective on or around December 18, 2006 and that she was assigned to the Lawrence banking center, located at 400 Central Avenue, Lawrence, Nassau County, New York. Except as expressly admitted, Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that on or around October 16, 2007, it promoted Plaintiff to the position of SSS in the Lawrence banking center, where she remained assigned until on or around December 2, 2011. Except as expressly admitted, Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 10 of the Complaint.

11. Defendant admits it assigned Plaintiff to work at the East Rockaway banking center, located at 40 Main Street, East Rockaway, Nassau County, New York, beginning on or around December 3, 2011. Defendant lacks sufficient knowledge or information to either admit or deny whether this assignment was at Plaintiff's request so that she could be closer to home and spend more time caring for her children. Except as expressly admitted, Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant admits that in or around mid-2013, Consumer Market Manager Harry Frangas ("Frangas") placed Plaintiff in a floater SSS position, first in the East Rockaway banking center. Except as expressly admitted, Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant admits that a floater is an employee who is not assigned to a permanent banking center location and who moves from one banking center to another for temporary assignments. Except as expressly admitted, Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 16 of the Complaint and therefore denies them.

17. Defendant admits that Plaintiff and Banking Center Manager Sharon Castiglia ("Castiglia") discussed the open position for an SSS at the Island Park banking center in or around mid-2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant admits Frangas assigned Plaintiff to the Island Park banking center, located at 147 Longbeach Road on a temporary basis beginning on or about June 29, 2013. Defendant admits that it sought bilingual, English-Spanish speaking candidates to fill a permanent SSS position at the Island Park banking center. Defendant admits that Frangas told Plaintiff that the permanent position at the Island Park banking center required Spanish language skills. Except as expressly admitted, Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant admits Frangas assigned Plaintiff to the Island Park banking center, located at 147 Longbeach Road on a temporary basis beginning on or about June 29, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant admits that an attempted robbery occurred at the Island Park banking center on or around July 5, 2013, while Plaintiff was performing teller duties. Except as expressly admitted, Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies that anyone pointed a gun. As to the remaining allegations of Paragraph 21 of the Complaint, Defendant lacks sufficient knowledge or information to either

admit or deny them. Therefore, except as expressly admitted, Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant admits the Plaintiff took an unscheduled partial day absence beginning at 1:30 p.m. on July 18, 2013, and that Plaintiff was scheduled to work until on or around 4:30 p.m. that date. As the remaining allegations of Paragraph 22 of the Complaint, Defendant lacks sufficient knowledge or information to either admit or deny them. Therefore, except as expressly admitted, Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff informed Castiglia of the need to leave work early and Castiglia did not object. Defendant denies that the absence from work as scheduled was authorized. Defendant admits that Castiglia consulted with an HR Advisor in its human resources call center about Plaintiff's absence from work as scheduled and the HR Advisor recommended that Castiglia issue a Written Warning to Plaintiff, which is a written document that speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant admits that it assigned Plaintiff as a floater to the Baldwin banking center beginning on or around August 10, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant admits that it assigned Plaintiff as a floater to the Baldwin Harbor banking center on or around August 24, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant admits that a female Black/African American former SSS at the Baldwin Harbor banking center moved to a Sr. Teller position, at her request, on or around August 10, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant admits that in or around August 13, 2013, Kevin Richberg, the hiring manager for the Baldwin Harbor banking center, initially requested to open position requisitions for two 20 hour per week SSS positions. Defendant admits Frangas offered Plaintiff one of the two 20 hour per week positions, which she declined and that on or around September 25, 2013, Defendant cancelled such requisitions. Except as expressly admitted, Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant admits that allegations of Paragraph 28 of the Complaint.

29. Defendant admits that on or around September 23, 2013, Kevin Richberg, the hiring manager for the Baldwin Harbor banking center SSS role, requested to open a job requisition for one full time SSS position. Defendant admits Plaintiff did not formally apply for the SSS positions at Baldwin Harbor, either at 20 hours per week or full time. Except as expressly admitted, Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff and Richberg discussed the full time SSS position. Except as expressly admitted, Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 31 of the Complaint. Therefore, Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies that Frangas ignored voicemails from Plaintiff. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 32 of the Complaint and therefore denies them.

33. Defendant admits that effective October 21, 2013, a woman who is Hispanic/Latino began her employment with Defendant as the SSS at the Baldwin Harbor

banking center. Except as expressly admitted, Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant admits that on or around October 29, 2013, the Baldwin Harbor banking center was robbed and that robber pointed a gun at Sewkumar, who was performing teller duties on the teller line. Except as expressly admitted, Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 35 of the Complaint and therefore denies them.

36. Defendant admits that following her assignment to work at the Baldwin Harbor banking center, Defendant assigned Plaintiff to work at the Elmont banking center. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 36 of the Complaint, and therefore denies them.

37. Defendant admits that following her assignment to work at the Baldwin Harbor banking center, Defendant assigned Plaintiff to work at the Elmont banking center. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 37 of the Complaint, and therefore denies them.

38. Defendant admits that as of November 16, 2013, Defendant assigned her to the Elmont banking center. Except as expressly admitted, Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 40 of the Complaint and therefore denies them.

41. Upon information and belief, Defendant admits that Ramna Iqbal was not at the Elmont banking center at the time Plaintiff left work on November 29, 2013. Except as

expressly admitted, Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 41 of the complaint.

42. Defendant admits that Frangas did not speak to Sewkumar on November 29, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant admits that Carmen Escudero was the Assistant Manager at the Elmont banking center. Defendant denies that Plaintiff's absence from work on November 29, 2013 was authorized. Except as expressly admitted, Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant admits that Plaintiff worked on Saturday, November 30, 2013.

45. Defendant admits that on or around December 3, 2013, Plaintiff told Ramna Iqbal ("Iqbal") that she left work or did not work on November 29th because of her son's health issue. Except as expressly admitted, Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant admits the allegations of Paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff signed the Final Written Warning for absence/tardy issued to her on December 3, 2013. Defendant lacks sufficient knowledge or information to either admit or deny whether Plaintiff asked for a copy of the document. Except as expressly admitted, Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant admits that later in the day on December 3, 2013, Iqbal met with Plaintiff in her office and issued a Final Written Warning for inappropriate behavior, which is a written document that speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant admits that Plaintiff refused to sign the Final Written Warning for inappropriate behavior dated December 3, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant admits that later in the day on December 3, 2013, Iqbal told Plaintiff that her employment with Defendant was terminated and admits that Iqbal asked Plaintiff to leave the banking center. Except as expressly admitted, Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant admits that on December 3, 2013, after her termination, Plaintiff called Frangas. Except as expressly admitted, Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 52 of the Complaint, and therefore denies them.

53. Defendant admits that Perez did not call Plaintiff after the termination of her employment with Defendant. Except as expressly admitted, Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant admits that Iqbal contacted Defendant's human resources call center, Advice and Counsel, and conferred with an HR Advisor in the human resources call center, in each instance, before issuing the Final Written Warning for absence/tardy, before issuing the Final Written Warning for inappropriate behavior and before terminating Plaintiff's employment. Defendant admits that the HR Advisor in each instance recommended the disciplinary action to be taken by Iqbal. Except as expressly admitted, Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff worked for it for it between December 18, 2006 and December 3, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 56 of the Complaint and therefore denies them.

CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION
Violation of Civil Rights Act of 1866, 42 U.S.C. §1981 for Alleged Illegal Termination Based on Race

57. Defendant repeats and incorporates by reference each and every preceding response, including without limitation each response as to Paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

58. Paragraph 58 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 58 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 59 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 60 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 60 of the Complaint.

SECOND CAUSE OF ACTION
Violation NYSHRL for Alleged Illegal Termination Based on Race AND National Origin Discrimination and Hostile Work Environment

61. Defendant repeats and incorporates by reference each and every preceding response, including without limitation each response as to Paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

62. Paragraph 62 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 62 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 63 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 64 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 65 of the Complaint makes allegations of fact, Defendant denies all such allegations of Paragraph 65 of the Complaint.

### Request for Relief

**WHEREFORE**, Defendant denies Plaintiff is entitled to judgment and any relief in this matter including, without limitation the relief she requests in the subparts A through F of her Request for Relief in her Complaint. Defendant denies that Plaintiff is entitled to any judgment of liability and/or damages of any kind against Defendant. To the extent Plaintiff's Request for Relief asserts any allegations related to her claims in the Complaint, Defendant denies such allegations and denies that Plaintiff may recover the relief she claims and denies relief, including, but not limited to: for the first claim, actual damages to be determined at trial, whether more or less than $500,000; for the second claim, actual damages to be determined at trial, whether more

or less than $500,000; any award of compensatory and/or punitive damages; any award of pre-judgment and/or post-judgment interest; any award of attorneys' fees and/or costs; and any such other and further relief of any kind.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Defendant relied upon legitimate, non-discriminatory factors in making decisions regarding Plaintiff's employment with Bank.

3. Plaintiff's claims, or the damages that she may recover, are barred or at least reduced by her failure to mitigate her alleged damages.

4. Plaintiff's claims are diminished in whole or in part by the after-acquired evidence doctrine.

5. Insofar as Plaintiff's Complaint alleges claims for emotional and/or psychological distress, humiliation and embarrassment, and other non-monetary compensatory damages related to any physical or mental distress or injury, including claims for recovery of medical expenses, these claims are barred by the exclusive remedy provisions of New York's Workers' Compensation statute.

6. Defendant exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or otherwise to avoid the alleged harm.

7. Plaintiff's claims are barred or diminished by her failure to exhaust internal and/or administrative remedies or otherwise failed to establish or conduct an action that is a prerequisite to filing suit.

8. To the extent Plaintiff claims punitive, liquidated or exemplary damages, such claims are barred because Defendant acted, at all times, in good faith to comply with applicable

anti-discrimination and anti-harassment and any other laws under which Plaintiff claims punitive damages.

9. To the extent Plaintiff claims punitive damages, such claims are limited by the due process and/or equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the New York Constitution.

10. Plaintiff's Complaint, and each and any cause of action thereunder, should be dismissed to the extent Plaintiff has failed to comply with statutory pre-requisites and conditions precedent to suit as to the Complaint and/or any cause of action.

11. Defendant alleges that any and all causes of action alleging discrimination or retaliation are barred, in whole or in part, because at all times relevant to the alleged events giving rise to such action, a policy prohibiting discrimination and/or harassment, as well as a procedure for resolution of complaints alleging discriminatory or other unlawful practices, is and was maintained by Bank and Bank took reasonable steps necessary to prevent discrimination and/or harassment from occurring.

12. Defendant alleges that any and all causes of action alleging discrimination or harassment are barred, in whole or in part, because Bank acted promptly and effectively at all times relevant to the alleged events giving rise to this action in responding to any complaints of discrimination or harassment asserted by Plaintiff.

13. Defendant alleges that any and all causes of action alleging discrimination are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities, policies and/or procedures provided by Bank and available to him and/or to otherwise avoid harm while, at all times relevant to this action, Defendant exercised reasonable care to prevent and to promptly correct any discriminatory or harassing conduct.

14. Plaintiff's claims are barred and/or diminished by her lack of standing to sue.

15. Plaintiff's employment relationship with Defendant was at-will and the doctrine of at-will employment bars, in whole or in part, Plaintiff's claims against Defendant.

16. Plaintiff's claims are barred and/or diminished by the applicable statutes of limitations, collateral estoppel, promissory estoppel, *res judicata,* laches, unclean hands, judicial estoppel, release and/or waiver.

17. Defendant alleges that this suit is frivolous, unreasonable, or without foundation and, as a result, Defendant is entitled to recover its costs and attorneys' fees from Plaintiff and hereby seeks that recovery.

18. Defendant alleges Plaintiff's claims cannot be maintained against Bank because if its employees (including Plaintiff) took the alleged actions, such actions were committed outside the course and scope of such employees' employment and were not authorized, adopted or ratified by Bank and/or Bank did not know, nor should it have known, of such actions.

19. Defendant alleges that even if the Plaintiff is able to prove that a prohibited factor motivated any alleged employment action, which is expressly denied by Defendant, the same action would have been taken even absent such motivation.

20. Defendant alleges that each and every action of its employees with respect to the Plaintiff was taken in good faith and for legitimate and non-discriminatory reasons.

21. Defendant alleges that an award of exemplary and/or punitive damages would be contrary to Defendant's good faith efforts to comply with the law. Defendant's actions were privileged, proper, and/or taken in accordance with law.

22. Defendant alleges that if Plaintiff suffered or sustained any losses, damages or injuries as alleged in the Complaint, those losses, damages or injuries were proximately caused or contributed to by the negligence or wrongful conduct of Plaintiff, other parties, persons, or

entities, and that their negligence or wrongful conduct was the intervening, superseding cause of the losses, damages or injuries of which Plaintiff complains.

24. Plaintiff's claims are barred and she lacks standing to bring them to the extent they are precluded by the National Bank Act.

25. Defendant denies all other allegations in the Complaint not specifically admitted or otherwise responded to in this Answer.

26. Defendant alleges it does not presently know all facts regarding the conduct of Plaintiff sufficient to state all affirmative defenses at this time and reserves the right to assert additional affirmative and special defenses. Defendant further reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**WHEREFORE**, Defendant prays: that the Plaintiff have and recover nothing; that the Court neither impose nor order any equitable remedies in Plaintiff's favor; that this action, the Complaint, and any purported cause of action stated therein, be dismissed in its entirety and with prejudice; that judgment enter in favor of Defendant and against Plaintiff as to each and every cause of action; that Defendant has and recover from the Plaintiff their court costs and litigation expenses, including reasonable attorneys' fees; and that the Court grant such other and further relief to Defendant as is just and proper.

Respectfully submitted,

EDWARDS WILDMAN PALMER LLP

/s/ Siobhan M. Sweeney
Siobhan M. Sweeney, Esquire
Pro hac vice
111 Huntington Avenue
Boston, MA 02199
Tel. 617-517-5596
Fax 888-325-9182
ssweeney@edwardswildman.com

Aimee S. Lin, Esquire
44 Whippany Road
Morristown, New Jersey 07960
Phone: 973-520-2300
Fax: 973-520-2600
alin@edwardswildman.com

-and-

750 Lexington Avenue
New York, New York 10022
Phone: 212-308-4411
Fax: 212-308-4844

Attorneys for Bank of America, N.A.

Dated: December 17, 2014

# **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies and/or email .pdf copies will be sent to those indicated as non-registered participants on December 17, 2014, including counsel for Plaintiff:

Ronnie L. Silverberg
The Harman Firm, P.C.
1776 Broadway, Suite 2030
New York, NY 10019
212-425-2600
Fax: 212-202-3926
Email: rsilverberg@theharmanfirm.com

                                              /s/ Siobhan M. Sweeney
                                                Siobhan M. Sweeney, Esq.